**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| TONY ROYAL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. CIV-23-431-R** |
| | ) | |
| ERIC JONES; and | ) | |
| U-STOR SELF STORAGE, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's Complaint wherein he seeks a total of $12,047.00 in damages for defamation, breach of a rental agreement, wrongful termination, harassment, intentional infliction of mental distress, and pecuniary damages. (Doc. Nos. 1, 1-1). Upon consideration, the Court finds as follows.

Plaintiff Tony Royal, appearing *pro se*, filed this action against Eric Jones and U-Stor Self Storage ("U-Stor") after being forced out of a storage unit he was renting.[1] (Doc. No. 1-1, at 2). In short, Plaintiff alleges that he is homeless and that he rented the storage unit on January 23, 2023, from Eric Jones. (*Id.*). That evening, he went to U-Stor to collect his "travel backpack which had [his] tent, a camping pad, and some blankets in it," and then he "change[d] into [his] sleeping clothes" before leaving the property to find a place to camp for the evening. (*Id.*). When he returned to the storage unit the next morning at

---

[1] Because Mr. Royal is a *pro se* litigant, the Court affords his materials a liberal construction, but it does not act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

6:05 a.m. to get dressed, he alleges that he was confronted by Eric Jones and accused of living in his storage unit. (*Id.*). Plaintiff was subsequently forced to gather his belongings and move out of the storage unit while Jones allegedly antagonized and harassed him triggering Plaintiff's anxiety and depression which has since caused him to lose sleep. (*Id.*).

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Plaintiff states that the Court has "federal question" jurisdiction over this case based on "Constitutional merit and amendment rights," however, he does not state the specific provisions or amendments of the Constitution that are at issue. (Doc. No. 1, at 3). Instead, Plaintiff states that he "wants to file a tort claim" against Defendants "for presumed damages and punitive damages." (Doc. No. 1-1, at 1).

"Federal courts are courts of limited jurisdiction," and "[t]hey possess only that power authorized by [the] Constitution and statute[s]." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have subject-matter jurisdiction "over two general types of cases: cases that 'aris[e] under' federal law, [28 U.S.C.] § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). "[D]istrict courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject-matter jurisdiction." *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017).

Plaintiff brings six claims against Defendants: (1) defamation involving slander; (2) breach of rental agreement; (3) wrongful termination; (4) harassment; (5) intentional infliction of mental distress; and (6) pecuniary damages. (Doc. No. 1-1, at 1). Plaintiff has not alleged a state actor and his claims do not arise "under the Constitution, laws, or treaties of the United States," thus, the Court lacks federal question jurisdiction. 28 U.S.C. § 1331. Moreover, because (1) Plaintiff has not alleged that there is diversity of citizenship among the parties, and (2) he is seeking $12,047.00 in total damages, the Court lacks diversity jurisdiction. § 1332(a). Therefore, Plaintiff has not demonstrated a basis for federal court jurisdiction.

Accordingly, this action is DISMISSED WITHOUT PREJUDICE for a lack of subject-matter jurisdiction. Judgment shall be entered accordingly.

**IT IS SO ORDERED** this 24ᵗʰ day of May 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

3